1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hector Jesus Espinoza-Beltran, | No. CIV 11-088-TUC-FRZ (GEE) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Charles Ryan; et al., | |
| Respondents. | |

Pending before the court is an amended petition for writ of habeas corpus filed on April 4, 2011, by Hector Jesus Espinoza-Beltran, an inmate confined in the Arizona State Prison Complex in Tucson, Arizona. (Doc. 6)

Pursuant to the Rules of Practice of this court, this matter was referred to Magistrate Judge Edmonds for report and recommendation.

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order dismissing the petition. It is time-barred.

Summary of the Case

Espinoza-Beltran was convicted after a jury trial of "one count of first degree murder, six counts of attempted first degree murder, and one count of participating in a criminal street gang." (Respondents' answer, Exhibit A, pp. 1-2.) The trial court sentenced Espinoza-Beltran

to "life with the possibility of parole after 25 years" for murder and to concurrent sentences of 18 years' imprisonment for the remaining offenses. (Respondents' answer, Exhibit B.)

On direct appeal, Espinoza-Beltran argued the evidence presented at trial was insufficient for conviction and the reasonable doubt instruction was error. (Respondents' answer, Exhibits A, F.) The court of appeals affirmed his convictions and sentences on January 23, 2001. (Respondents' answer, Exhibit A.) Espinoza-Beltran appealed again, but the Arizona Supreme Court denied review on June 20, 2001. (Respondents' answer, Exhibit C.) He did not petition the U.S. Supreme Court for review. (Respondents' answer, p. 4.)

Approximately six years later, on November 19, 2007, Espinoza-Beltran filed notice of post-conviction relief alleging he recently discovered the existence of "a familial relationship between the actual perpetrator and the primary prosecution witness." (Respondents' answer, Exhibit F.) The trial court dismissed the notice on December 26, 2007. *Id*. Espinoza-Beltran filed a motion for reconsideration on January 11, 2008, but it was denied by the trial court. (Respondents' answer, Exhibits H, I.)

On June 28, 2010, Espinoza-Beltran filed a second motion for reconsideration arguing (1) his appellate attorney failed to argue the trial court should have granted a mistrial for the government's failure to disclose the felony record of its witness, (2) the trial judge committed a *Batson* error, (3) the prosecutor committed misconduct, and (4) trial counsel and appellate counsel were ineffective. (Respondents' answer, Exhibit J.) The trial court denied the motion on July 9, 2010. (Respondents' answer, Exhibit K.)

On July 26, 2010, Espinoza-Beltran filed an additional motion for reconsideration, which was denied on July 28, 2010. (Respondents' answer, Exhibit L, M.) On August 18, 2010, Espinoza-Beltran filed a petition for special action with the court of appeals, which was denied on August 23, 2010. (Respondents' answer, Exhibit N, O.)

On January 28, 2011, Espinoza-Beltran filed in this court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He filed an amended petition at the court's direction on April 4, 2011. Espinoza-Beltran raises four grounds for relief: (1) appellate counsel failed to argue the trial court should have granted a mistrial when the prosecution failed to disclose

before trial that its witness was a convicted felon; (2) the trial judge erred in ruling on a challenge pursuant to *Batson*; (3) the prosecutor engaged in misconduct by failing to disclose before trial that its witness was a convicted felon; (4)(a) trial counsel rendered ineffective assistance by failing to call witnesses or to cross examine witnesses, and (4)(b) appellate counsel rendered ineffective assistance by failing to raise claims on appeal. (Doc. 6); (Respondents' answer, Exhibit J (Exhibit B).)

On June 28, 2011, the respondents filed an answer arguing, among other things, that the petition is time-barred. Espinoza-Beltran filed a reply on July 7, 2011, arguing the limitation period should be equitably tolled due to his education and language deficits.

Discussion

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241. A one-year limitation period applies to persons in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d). The statute reads in pertinent part as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The limitation period for all of Espinoza-Beltran's claims was triggered on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[1] 28 U.S.C. § 2244(d)(1)(A). Espinoza-Beltran's direct appeal was denied on January 23, 2001. (Respondents' answer, Exhibit A.) He appealed again, but the Arizona Supreme Court denied review on June 20, 2001. (Respondents' answer, Exhibit C.) Espinoza-Beltran then had 90 days to petition the U.S. Supreme Court for review. Sup. Ct. R. 13. When he did not do so, his judgment became final on September 18, 2001. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

The one-year period began running the next day and expired one year later on September 18, 2002. Espinoza-Beltran filed his petition in this court on January 28, 2011. It is time-barred.

In his reply, Espinoza-Beltran argues the limitation period should be equitably tolled because his native language is Spanish, he has only a sixth-grade proficiency in English, and he has no lawyer or legal assistance. (Doc. 12)

"[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir. 2011) (punctuation

---

[1] Espinoza-Beltran explains in his reply that his claims are based on "newly discovered evidence . . . that the petitioner noticed through a review of the case trial transcripts, case motion filings, and police reports." (Doc. 12, p. 4) Under certain circumstances, claims that rely on newly discovered facts can qualify for the triggering subsection 2244(d)(1)(D). That subsection does not apply here, however, because the *facts* upon which Espinoza-Beltran's claims rely are not new. They were already apparent at the time of the trial or by the time counsel filed his direct appeal. The *legal import* of those facts was only recently discovered to Espinoza-Beltran. This, however, is not the test. *See Hasan v. Galaza*, 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001) ("Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.").

modified) "The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Id*. "The high threshold of extraordinary circumstances is necessary lest the exceptions swallow the rule." *Id*.

In this case, Espinoza-Beltran argues generally that his limited understanding of the law and his poor English language skills entitle him to equitable tolling. He does not, however, specifically explain how his particular circumstances caused him to file an untimely petition. He does not, for example, allege that he had no access to the limitation statute or that he was unable to read and understand it. The court notes that his state court filings from this period indicate that he had the ability to recognize legal issues and discuss them in a coherent manner. *See* (Respondents' answer, Exhibits D, G, H.) It is therefore unlikely that his pro se status or language difficulties caused his untimeliness. The court concludes equitable tolling is not available in this case. *See, e.g., Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (Unfamiliarity with the legal process, even if due to illiteracy, does not merit equitable tolling.); *Humphrey v. Clark*, 2010 WL 148199, * 4 (C.D.Cal. 2010) ("Petitioner's illiteracy does not provide a basis for equitably tolling the limitations period."); *U.S. v. Van Poyck*, 980 F.Supp. 1108, 1111 (C.D.Cal. 1997) (Equitable tolling was not warranted where the petitioner alleged "all of his state transcripts were destroyed, that . . . he does not speak or understand English well nor does he understand the law, and that his prison has been in "lockdown" status that has prevented him from using the prison law library.")

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DISMISSING the Petition for Writ of Habeas Corpus. (Doc. 6) It is time-barred.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, they may be deemed waived.

The Clerk is directed to send a copy of this report and recommendation to the petitioner and the respondents.

DATED this 18th day of October, 2011.

Glenda E. Edmonds
United States Magistrate Judge